IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 24-50259 |
| | ) | Chapter 7 |
| JULIO CESAR DE LA CRUZ and | ) | |
| MELISSA DE LA CRUZ, | ) | |
| | ) | |
| Debtors. | ) | |

**MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY
BY PUBLIC ONLINE AUCTION SALE PURSUANT TO 11 U.S.C. § 363**

NOW COMES John W. Taylor, the Chapter 7 trustee (the "Trustee"), who moves the Court for authority to sell Personal Property of the bankruptcy estate pursuant to 11 U.S.C. §363 and shows in support of this motion as follows:

1. The Debtors filed a voluntary Chapter 7 bankruptcy case on July 13, 2024. John W. Taylor is the duly appointed, qualified and acting Trustee of the Chapter 7 case of the Debtors.

2. The Trustee brings the Motion pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014.

3. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

4. Among the assets of the Bankruptcy Estate is a 2019 Kubota SN: KBUC1DHRTKGE32560 (the "Personal Property").

5. In the opinion of the Trustee, it would benefit the bankruptcy estate to sell the Personal Property at a public online auction sale to the highest bidder. The sale shall be AS IS, WHERE IS, AND WITHOUT WARRANTY.

6. The Trustee is not aware of any liens on the Personal Property.

7. The Trustee seeks to sell the Personal Property and has retained the services of Iron Horse Auction Co., Inc. (the "Auctioneer") subject to the approval of the Court to conduct the sale.

8. The terms and conditions of the sale are set out on "Exhibit A" attached hereto.

9. By separate Application, the Trustee has requested that this Court authorize the Trustee to retain the services of Iron Horse Auction Co., Inc. ("Iron Horse"), as auctioneer to conduct the public sale requested herein.

10. In the opinion of the Trustee and the proposed Auctioneer, it would be in the best interest of the bankruptcy estate for the sale to be conducted online only as follows:

   a. The auction will begin on December 2, 2024, at 8:00 a.m. and will conclude on December 9, 2024 at 12:00 p.m., subject to extended bidding whereby any bid on the Personal Property in the last five minutes of the auction will automatically extend the auction until there is a period of five minutes without any bidding activity.

   b. William B. Lilly, Jr., of Iron Horse has offered to conduct the online auction sale for a seller's commission of 0% of the final auction price of the Personal Property and a Buyer's Premium of 10% of the final auction sales price of the Personal Property.

   c. The Auctioneer further requests reimbursement of advertising campaign expenses not to exceed the sum of $250.00.

   d. The Auctioneer further requests payment of a transport fee in the amount of $150.00.

11. All advertising, promotion, and advertising layout will be conducted by AUCTION PROMOTIONS UNLIMITED; the in-house advertising agency of IRON HORSE AUCTION CO., INC.

12. In the opinion of the Trustee, the terms, conditions and methods of the public sale proposed herein are in the best interest of the bankruptcy estate, are reasonable, and allow for a maximum return upon the sale of the Property.

13. On information and belief, no other party holds or claims an interest in the Personal Property to be sold.

14. The Trustee reserves all rights, claims and defenses with respect to all claims asserted against the Trustee, and all liens, security interests and other interests.

15. Based on the foregoing, the Trustee respectfully submits that the Court should approve the sale of the Property under Section 363(b)(1), and (m) of the Bankruptcy Code.

WHEREFORE, the Trustee prays the Court that it:

A. Approve the proposed public online auction sale of the Personal Property as is, where is, and without warranty as set forth above;

B. Approve the fees and expenses of the Trustee's Auctioneer;

C. Authorize and direct the Trustee, pursuant to Bankruptcy Rule 6004(f)(2), to execute any instrument or document necessary or appropriate to consummate the transfer of the Personal Property.

D. Order, adjudge and decree that the Trustee, the buyer, and all other parties have acted in good faith and are entitled to the protection of Section 363(m) of the Bankruptcy Code.

E. Order, adjudge and decree that, pursuant to Bankruptcy Rule 6004, the parties are not stayed for any period of time after the entry of an order approving the sale from consummating any and all transactions contemplated by this Motion, including, without limitation, the closing of the proposed sale of the property.

F. Grant such other, further, or additional relief as may be proper to effect the sale of the personal property as the Court deems just and proper.

DATED this 21st day of October, 2024.

/s/ John W. Taylor
John W. Taylor, Bar No. 21378
4530 Park Road, Suite 490
Charlotte, NC  28209
Telephone: (704) 540-3622

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have served a copy of the MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY BY PUBLIC ONLINE AUCTION SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363 by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed to the below listed parties this 21st day of October, 2024.

Thomas C. Flippin, Attorney for Debtors          Via Electronic Case Filing

<u>/s/ John W. Taylor</u>
John W. Taylor, Bar No. 21378
4530 Park Road, Suite 490
Charlotte, NC  28209
Telephone: (704) 540-3622