FILED & JUDGMENT ENTERED
Christine F. Winchester

November 18 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy Case No. 24-50259 |
| | ) Chapter 7 |
| JULIO CESAR DE LA CRUZ and | ) |
| MELISSA DE LA CRUZ, | ) |
| | ) |
| Debtors. | ) |

**ORDER APPROVING MOTION TO SELL PERSONAL PROPERTY BY
PUBLIC ONLINE AUCTION SALE PURSUANT TO 11 U.S.C. § 363**

THIS MATTER came on before the United States Bankruptcy Judge for the United States Bankruptcy Court for the Western District of North Carolina on the Trustee's Motion for Authority to Sell Personal Property by Public Online Auction Pursuant to 11 U.S.C. Section 363 (the "Motion"). It appearing to the Court that proper notice of the motion and hearing having been given, and no objections having been received, the Court, for good cause shown, finds as follows:

1. The Trustee brought the Motion pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014.

2. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

3. Among the assets of the Bankruptcy Estate is a 2019 Kubota SN: KBUC1DHRTKGE32560 (the "Personal Property").

4. In the opinion of the Trustee, it would benefit the estate to sell the Personal Property at a public online auction sale to the highest bidder. The sale shall be AS IS, WHERE IS, AND WITHOUT WARRANTY.

5. The Trustee is not aware of any liens on the Personal Property.

6. The Trustee seeks to sell the Personal Property and has retained the services of Iron Horse Auction Co., Inc. (the "Auctioneer") subject to the approval of the Court to conduct the sale.

7. The terms and conditions of the sale are set out on "Exhibit A" attached to the Motion.

8. By separate Application, the Trustee has been authorized to retain the services of Iron Horse Auction Co., Inc. ("Iron Horse"), as auctioneer to conduct the public sale requested herein.

9. In the opinion of the Trustee and the Auctioneer, it would be in the best interest of the bankruptcy estate for the sale to be conducted online only as follows:

   a. The auction will begin on December 2, 2024, at 8:00 a.m. and will conclude on December 9, 2024 at 12:00 p.m., subject to extended bidding whereby any bid on the Personal Property in the last five minutes of the auction will automatically extend the auction until there is a period of five minutes without any bidding activity.

   b. William B. Lilly, Jr., of Iron Horse has offered to conduct the online auction sale for a seller's commission of 0% of the final auction price of the Personal Property and a Buyer's Premium of 10% of the final auction sales price of the Personal Property.

   c. The Auctioneer further requests reimbursement of advertising campaign expenses not to exceed the sum of $250.00.

   d. The Auctioneer further requests payment of a transport fee in the amount of $150.00.

10. All advertising, promotion, and advertising layout will be conducted by AUCTION PROMOTIONS UNLIMITED; the in-house advertising agency of IRON HORSE AUCTION CO., INC.

11. In the opinion of the Trustee, the terms, conditions and methods of the public sale proposed herein are in the best interest of the estate, are reasonable, and allow for a maximum return upon the sale of the Property.

12. On information and belief, no other party holds or claims an interest in the Personal Property to be sold.

13. The Trustee reserves all rights, claims and defenses with respect to all claims asserted against the Trustee, and all liens, security interests and other interests.

14. Based on the foregoing, the Trustee respectfully submits that the Court should approve the sale of the Property under Section 363(b)(1), and (m) of the Bankruptcy Code.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

1. That the Trustee is authorized to sell the Personal Property at the public online auction sale as is, where is, and without warranty, under the terms and conditions set forth above; and

2. That the Trustee is authorized to reimburse William B. Lilly, Jr. of Iron Horse Auction Co., Inc., his expenses set forth above, to pay a seller's commission of 0% of the final auction price of the Personal Property, and that the Auctioneer is authorized to assess an Internet Buyer's Premium of 10% of the final auction sales price of the Personal Property against the potential purchaser of the Personal Property; and

3. That the Trustee is authorized, pursuant to Bankruptcy Rule 6004(f)(2), to execute any instrument or document necessary or appropriate to consummate the transfer of the Personal Property; and

4. The Trustee and all other parties have acted in good faith and are entitled to the protection of Section 363(m) of the Bankruptcy Code.

5. That pursuant to Bankruptcy Rule 6004, the parties are not stayed for any period of time after the entry of this order from consummating any and all transactions contemplated by the Trustee's Motion, including, without limitation, the closing of the proposed sale of the property.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court