FILED & JUDGMENT ENTERED

Christine F. Winchester

November 18 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 24-50259 |
| | ) | Chapter 7 |
| JULIO CESAR DE LA CRUZ and | ) | |
| MELISSA DE LA CRUZ, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER APPROVING SETTLEMENT WITH DEBTORS**

THIS MATTER, coming before the Court upon the Motion of John W. Taylor Trustee, to Approve Settlement with the Debtors as to Non-Exempt Equity in property and for authority to deposit funds, and it appearing that proper notice of the Trustee's motion was served on all parties in interest and no objections were received, based on the record, the Court finds as follows:

1.      The Debtors filed a voluntary bankruptcy petition on July 13, 2024, in the United States Bankruptcy Court for the Western District of North Carolina; Bankruptcy Case No. 24-50259. John W. Taylor is the duly appointed Trustee in the Debtors' Bankruptcy Case.

2.      Among the assets of the estate is a 2020 Ford F-450, a 2011 Ford Explorer, a 2010 Chrysler Sebring, a 2002 Diamond Trailer and a 2006 PROL utility trailer  with a total of $17,586.00 in combined non-exempt equity (the "Property").

3.      The Debtors desire to purchase the Property from the Bankruptcy Estate for the value of the non-exempt equity.

4.      Subject to the approval of the Court, the Trustee and the Debtors have agreed to settle the non-exempt equity for the sum of $17,586.00, which the Debtors will pay in six monthly payments of

$2,931.00 to the Trustee beginning on December 1, 2024 (the "Settlement Funds"). A copy of the

Settlement Agreement is attached to the Motion as Exhibit "A".

5.      In lieu of liquidating the Property, the Trustee requests that the Court approve the

payment of the Settlement Funds by the Debtors.

8.      With respect to the compromise of a controversy, Bankruptcy Rule 9019(a) provides that:

> "On motion by the trustee and after notice and a hearing, the court may
> approve a compromise or settlement. Notice shall be given to creditors, the
> United States trustee, the debtor, and indenture trustees as provided in Rule
> 2002 and to any other entity as the court may direct."

9.      It is well established that compromises are favored in bankruptcy.  See Myers v. Martin

(In re Martin), 91 F.3d 389, 393 (3rd Cir 1996).  In approving a settlement agreement, the court need

conduct neither an exhaustive investigation into the validity of, nor a mini-trial on, the merits of the

claims sought to be compromised.  See United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.),

669 F.2d 1325 (9th Cir. 1982).  Rather, it is sufficient that the court find that the settlement was negotiated

in good faith and is reasonable, fair and equitable.  See Martin v. Kane (In re A & C Properties), 784 F.2d

1377, 1381 (9th Cir.), cert. denied, 479 U.S. 854 (1986).

10.      Courts have identified the following factors for consideration in determining whether a

proposed settlement agreement is reasonable, fair and equitable:

> (i) the probability of success in litigation; (2) the likely difficulties in collection; (3)
> the complexity of the litigation involved, and the expense, inconvenience and delay
> necessarily attending it; and (4) the paramount interest of creditors.

See In re Martin, 91 F.3d at 393 (3rd Cir. 1996) (citing Protective Comm. For Indep. Stockholders

of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163-64 (1968)); In re

Louise's Inc., 211 B.R. 798 (D. Del. 1997).

11.      The consideration of the above factors does not require the court to decide the questions

of law and fact raised in the controversies to be settled, or to determine whether the settlement presented

is the best one that could possibly have been achieved.  Rather, the court need only canvass the issues to

determine whether the settlement falls "below the lowest point in the zone of reasonableness."  Newman

v. Stein, 464 F.2d 689, 698 (2nd Cir.), cert. denied sub nom. Benson v. Newman, 409 U.S. 1039 (1972);

see also Anaconda-Ericsson, Inc v. Hassen (In re Teltronics Serv., Inc.), 762 F.2d 185, 189 (2d Cir.

1985); Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir.), cert. denied, 464 U.S. 822

(1983).  Finally, although the court should "give deference to the reasonable views of creditors, objections

do not rule.  It is well established that compromises are favored in bankruptcy." In re Lee Way Holding

Co., 120 B.R. 881, 891 (Bankr. S. D. Ohio 1990).

11.     The Trustee's counsel has evaluated the claims and defenses raised by the parties and

determined that the best interest of the bankruptcy estate is served by these matters settling as set forth

herein.  After negotiations between the parties, the Trustee entered into the agreement in order to avoid

the uncertainties and costs of litigating the matters to conclusion.

12.     The Court finds that the settlement as set forth above is in the best interest of the

bankruptcy estate and all creditors, and is reasonable, fair, and equitable.

NOW THEREFORE, IT IS HEREBY ORDERED that the Trustee's motion to approve settlement

with Debtors, Julio Cesar De La Cruz and Melissa De La Cruz, for the amount of $17,586.00, as set forth

above, is GRANTED, and the Trustee is hereby authorized to deposit the Settlement Funds prior to the entry

of an order approving the settlement.

This Order has been signed electronically.                    United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.