FILED & JUDGMENT ENTERED
Christine F. Winchester

May 6 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| IN RE: <br><br> JULIO CESAR DE LA CRUZ and <br> MELISSA DE LA CRUZ, <br><br> DEBTORS | CHAPTER 7 <br><br> CASE NO. 24-50259 |

## ORDER GRANTING UNITED BANK'S
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter comes before the Court upon United Bank's Motion for Relief from Automatic Stay (the "Motion") in the above-captioned case.

1. On or about May 16, 2022, United Bank extended a loan to Julio Cesar De La Cruz ("Julio De La Cruz") to finance the purchase of a 2022 Honda Accord Sedan, VIN No. 1HGCV1F44NA101432 (the "Vehicle").

2. In conjunction with this loan, the Julio De La Cruz executed a Retail Installment Sale Contract in favor of Randy Marion Ford Lincoln, LLC ("Randy Marion") in the principal amount of 50,253.00 (the "Contract"). On or about May 16, 2022, upon execution of the Contract and by the same instrument, Randy Marion assigned all right, title, and interest in the Contract and the Vehicle to United Bank.

3. On September 18, 2024, Julio De La Cruz executed a reaffirmation agreement in favor of United Bank, reaffirming the remaining principal, interest, fees, and costs under the Contract in the amount of $33,493.49 (the "Reaffirmation Agreement"). [ECF No. 39].

6. On February 11, 2025, the Court entered an Order approving the Reaffirmation Agreement. [ECF No. 50].

7. United Bank has not received payment from Julio De La Cruz under the Contract and Reaffirmation Agreement since October of 2024.

4. Due to Julio De La Cruz's default under the Contract and the Reaffirmation Agreement, United Bank is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because United Bank's interest in the Vehicle is not being adequately protected, and there is a substantial risk of continuing loss to or diminution of the Vehicle.

5. United Bank is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary for the Debtors' effective reorganization.

8. If United Bank is not granted relief from stay and permitted take possession of the Vehicle, then United Bank will suffer irreparable injury, and loss.

9. Because the Vehicle must be maintained and sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court; now, therefore,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the automatic stay is hereby modified pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) to allow United Bank to repossess and liquidate the Vehicle under the terms of the Contract and in accordance with applicable law; and

2

2. United Bank shall be reimbursed of its attorney's fees and costs to be added to the balance of its claim; and

Any excess proceeds from the sale shall be turned over to the Trustee to the extent that such proceeds are property of the estate; and

3. Rule 4001(a)(3) shall be, and hereby is, waived to allow this Order to be effective upon entry by the Court.

**This Order has been signed electronically.**         **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**